## CIRCUIT COURT OF CHESTERFIELD COUNTY

Commonwealth Transportation Commissioner

v.

James E. Matyiko et al.

November 14, 1995

Case No. CL95-179

BY JUDGE HERBERT C. GILL, JR.

The parties were before the Court on November 6-7, 1995. Plaintiff, Commonwealth Transportation Commissioner, alleged that Defendants, James E. Matyiko, John Matyiko, Jr., and Jerry B. Matyiko, are jointly and severally liable for a judgment in the amount of $137,965.00, plus interest at the annual rate of 8% from March 28, 1995, as directors of the now defunct corporation against which such judgment was rendered. Defendants denied any liability.

This case arose out of a condemnation action which began in 1985. In March of 1985, Plaintiff recorded a Certificate of Deposit with respect to property owned by Matyiko Investment Corporation, Inc., in the amount of $327,140.00, an amount Plaintiff estimated to be the fair value of the land subject to the proceeding. In May of 1985, an order was entered by this Court authorizing Matyiko Investment Corporation, Inc., to draw down the funds on deposit with the State Treasurer of Virginia. A check was issued to Matyiko Investment Corporation, Inc., in the amount of $327,140.00. The drawdown order contained language stating that the corporation understood that in the event an award in a subsequent condemnation proceeding was less than the amount distributed, judgment would be entered against the corporation for the difference.

The condemnation proceeding took place in March of 1993. At that proceeding, the land was valued at $189,175.00. In its confirmation of the Commissioner's Report, this Court entered judgment against Matyiko In-

vestment Corporation, Inc., in the amount of the difference between the condemnation award and the earlier estimate. Matyiko Investment Corporation, Inc., however, was terminated in April of 1986 by the State Corporation Commission. Plaintiff claims that Defendants voted for or assented to that termination and the distribution of all funds held by the corporation, including those received under the drawdown order. Plaintiff further claims that such distribution exceeded the amount which legally could have been distributed by Matyiko Investment Corporation, Inc. Defendants claim that the funds were distributed in good faith in accordance with the advice of legal counsel.

After consideration of the evidence presented *ore tenus* at trial, as well as the evidence submitted by deposition, the Court is of the opinion that the Defendants are not liable.

Plaintiff makes an argument that there was a violation of Virginia Code § 13.1-653. Considering a potential judgment from the condemnation proceeding as a liability or debt, dissolution of the corporation necessarily resulted in the corporation being unable to pay its debts as they came due under Virginia Code § 13.1-653(C)(1).

Assuming that there was an unlawful distribution, Virginia Code § 13.1-692 creates a cause of action against a director of a corporation who votes for or assents to such a distribution. Directors, however, may not be held liable for such a distribution under Virginia Code § 13.1-692 if they complied "with applicable standards of conduct of § 13.1-690." Under Virginia Code § 13.1-690, also known as the Business Judgment Rule, a director is not liable for any action taken if he acted "in accordance with his good faith business judgment of the best interests of the corporation." The Business Judgment Rule was interpreted in *WLR Foods, Inc. v. Tyson Foods, Inc.*, 65 F.3d 1172 (4th Cir. 1995). In that case, the Fourth Circuit held "that the actions of a director are to be judged by his or her good faith in performing corporate duties and not by the substantive merit of the director's decisions themselves." Furthermore, under that same section, a director can satisfy the good faith standard through reliance on "[l]egal counsel, public accountants, or other persons as to matters the director believes, in good faith, are within the person's professional or expert competence."

In the case at hand, Defendants obtained legal and accounting advice with regard to dissolution of the corporation. They acted in good faith upon the recommendations of an attorney skilled in corporate, real estate, and condemnation matters and upon the recommendations of a certified

public accountant skilled in taxation matters. Consequently, the Defendants are protected from liability for the debts of Matyiko Investment Corporation, Inc.

For the reasons stated above, this Court finds for the Defendants.